JACKSON et ux. v. McWILLIAMS DREDGING CO.

JACKSON v. SAME.

Nos. 7435, 7436.

Circuit Court of Appeals, Fifth Circuit.

April 2, 1935.

Joseph F. Blasi, Jr., of New Orleans, La., for appellants.

R. E. Milling, Jr., of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

These are two actions to recover damages, one brought by Arthur Jackson and wife for the death of their minor son, and the other by the wife alone for the deaths of her mother and sister. They may be disposed of together, since the acts of negligence alleged in each are substantially the same. The petitions allege that the three decedents were drowned when an automobile in which they were passengers, and which was being driven at night by Salvatore Crispino along a state public highway, plunged into a canal that had been recently dredged across that highway by the Mc-Williams Dredging Company. Both Crispino and the dredging company were made parties defendant in a state court of Louisiana, where the suits were originally brought. Crispino was charged with negligence for driving with defective brakes, failing to keep a careful lookout, and driving at such speed that he could not stop his car within the distance obstructions on the highway ahead of him could be seen by the light from the headlights. The acts of wrongdoing charged against the dredging company were that it had dug a canal 175 feet wide and 24 feet deep across the highway and had left it, half filled with water, unguarded and without any barrier or sign of warning for the protection of motorists. On October 13, 1933, within the time allowed by law for filing answer, the dredging company filed in each case a petition and bond for removal to the federal District Court, on the grounds that, whereas plaintiffs and Crispino were all citizens of Louisiana, it was a citizen of Illinois, and that plaintiffs' suits against it were separate and separable from their suits against Crispino. The suits, having been lodged in the federal court, were there dismissed upon exceptions filed by the dredging company of no right or cause of action; and these appeals by plaintiffs followed.

The dredging company insists that this court ought not to consider the appeals, because citations thereon were not issued to or waived by Crispino, who, it argues, is still a party defendant, notwithstanding the state court on October 19, 1933, entered orders of dismissal as to him upon the motion of plaintiffs. But the assumption that the state court orders of dismissal were entered after the petitions and bonds for removal were presented to it is not borne out by the record. On the contrary, it appears therefrom that, though these papers were filed on the 13th, they were not presented until the 25th, which was after the entry of the orders of dismissal as to Crispino; and so it affirmatively appears that Crispino was out of the cases before they were removed to the federal court, and hence is no party to these appeals.

On the merits, it is not, nor could it well be, denied that the petitions make out a case of negligence against the dredging company; for surely it is negligence, after cutting a canal across a public highway, to leave the highway unguarded or unmarked and thus make it a pitfall for unsuspecting motorists. But it is said that plaintiffs have stated a case which discloses that the proximate cause of the deaths on account of which they claim damages was Crispino's negligence and not that of the dredging company; and that they are forever estopped to deny their allegations of Crispino's negligence, because those allegations amount to a judicial confession within the meaning of article 2291 of the Louisiana Civil Code.[1] That article has been variously interpreted by the courts of Louisiana, but the more recent decisions of the Supreme Court have held that it does not work an estoppel where the pleadings of one party to the pending litigation have not benefited him or prejudiced his opponent. Farley v. Frost-Johnson Lumber Co., 133 La. 498, 63 So. 122, L.

---

[1] "The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding. It amounts to full proof against him who has made it. It can not be divided against him. It can not be revoked, unless it be proved to have been made through an error in fact. It can not be revoked on a pretence of an error in law."

R. A. 1915A, 200, Ann. Cas. 1915C, 717; Succession of Williams, 168 La. 1, 121 So. 171. The general rule everywhere is that a party is bound by his pleadings as to the party against whom he makes them so long as they stand unamended; but, when stricken out by amendment, they no longer have any force, except as they may be used for the purpose of impeaching or attacking the credibility of the party who made them. If article 2291 has a broader scope, though we think it does not, we would not be bound by it, since the question involved is one of equitable estoppel as to which the federal courts may exercise their independent judgment.

 It is difficult to see that the dredging company has any right to complain of the dismissal of the suits as to Crispino; it has not been prejudiced, nor has it changed its position by reason of anything that so far has occurred. Taking the petitions as they stand unamended, in our opinion they should not be construed to allege that Crispino's negligence was the sole proximate cause of the accident. For all that appears, Crispino could easily have been misled into the belief that the highway ahead of him where the recently dredged canal crossed it was safe. He was driving at night, and it may well be that the highway appeared, as formerly, to continue on unbroken until he came so close to the canal as to be unable to stop before running into it. It cannot safely be said as a matter of law, and without the aid of testimony, that in the exercise of reasonable care he should earlier have discovered the presence of the canal. Whether he should have or not appears to us to be a question for the jury. In our cases of Smith v. Southern Ry. Co., 53 F.(2d) 186; Brown v. Southern Ry. Co., 61 F.(2d) 399, as well as in our more recent case of Thompson v. City of Houma, 76 F.(2d) 793 (March 25, 1935), there were obstructions above the ground. Those cases are not necessarily controlling here, where there was no visible obstruction on the road, but instead a gap below it which might not be as easily seen. The petitions, when considered in their most unfavorable light from the viewpoint of plaintiffs, are reasonably susceptible of the construction that the deaths of the decedents were due to the combined concurrent negligence of both the original defendants. If that be the true construction, or one which the jury would have the right to adopt, then, of course, Crispino's negligence could not be imputed to plaintiffs' decedents,

who were passengers in his car. Miller v. Union Pacific Railroad Co., 290 U. S. 227, 54 S. Ct. 172, 78 L. Ed. 285. On the whole, we think the case is one which can satisfactorily be disposed of only after the taking of testimony.

The judgments are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.