BARNETTE, Judge.
This is an appeal from a judgment in favor of plaintiff-appellee Mack Trucks, Inc., against defendant-appellant Philip Capita-no in the amount of $1,086.01, which represents the unpaid charges due on an account for truck repairs.
The record indicates that on March 27, 1964, Philip Capitano took a truck to Mack Trucks, Inc., to be repaired. These repairs were satisfactorily completed at a cost of $1,336.01. Philip Capitano called for the truck when the work was done. He personally signed an authorization form allowing the work to commence and signed a receipt for the truck when he received it after the repairs had been made. He was billed personally by Mack Trucks, Inc., for the repairs.
An amount of $250 was paid on the bill in May, 1964, but the record does not indicate by whom the payment was actually made.[1]
In answer to plaintiff’s petition, defendant Capitano made the following admission and allegations:
“3.
“Defendant admits paying the sum of $250.00 for repairs performed on his truck by plaintiff.
“And now assuming the role of third party plaintiff, comes the defendant in the principal demand, Philip Capitano, domiciled in the Parish of Jefferson, State of Louisiana and avers:
“4.
“That the third party plaintiff had contacted third party defendant, John S. Howard, an insurance agent, and requested that third party defendant procure for him a policy of deductable [sic] insurance on the truck repaired by original plaintiff.”
*712 In Articles 5 and 6 he alleged Howard’s responsibility to him for property damage insurance coverage on the truck, which had been requested and presumably procured before the date of the accident causing the truck damage. In Article 7 he alleged:
“That third party defendant, John S. Howard, has failed to protect original defendant, third party plaintiff, from this suit.”
Defendant filed an amended answer to plaintiff’s demand after the case had been set for trial. In this amended answer Ca-pitano apparently abandoned his demand against the insurance agent, but alleged instead that the repair bill was owed not by himself but by his employer, Super Construction Company. He alleged that while he did sign the authorization and receipt form, he did so merely as an agent for the Super Construction Company. He alleged that the truck was not owned by himself but by the Super Construction Company, and that it was this company which paid the $250 on the repair bill. Further he alleged that at no time did he hold himself out to be personally liable for the payment of the debt.
Clearly the positions taken by Capitano in his original answer and the amended answer are inconsistent. In the original answer he refers to “his” truck, and takes the position of third party plaintiff entitled to recover against the insurance agent for its damage, a right of action which can only be asserted by one claiming ownership of truck.
During the trial of this matter, defendant again, with leave of the court, offered an amendment to his answer. This time he alleged that the name of the corporation by whom he was employed was not the Super Construction Company but was the Supreme Construction Company. He stated that it was the Supreme Construction Company which had owned the truck and which was responsible for the charges due on it. This additional amendment was made over the objection of counsel for the plaintiff and was approved by the trial court.
It is interesting at this point to note that plaintiff produced at trial the articles of incorporation of the Super Construction Company. The document showed that this company was incorporated on April 8, 1964, one day after Philip Capitano receipted the repairs on the truck. Also Philip Capita-no, Paul Capitano and Mary Ann Capita-no were the incorporators of this company.
Defendant in his behalf offered an act of sale completed in 1962 wherein Supreme Construction, Inc., purchased the truck in question from a third party. Defendant testified that he had never at any time owned this truck, but that it remained the property of Supreme Construction Company until sometime after the repairs in question were made. We must point out that there is no evidence in the record other than the statements of the defendant and his brother, that the Supreme Construction Company was in fact incorporated. Thus we have no way of knowing if this company was a corporation, or perhaps a partnership composed of the Capitano brothers, or just simply a trade name used by them as individuals.
Capitano testified that he was in the employ of the Supreme Construction Company when he took the truck in for repairs and that the truck had the company’s name lettered on its side. He admitted making arrangements for credit on the balance due, but stated he did not do so in his own behalf but in the name of the company. He admitted that he subsequently received bills in his own name for the repairs and did not alert the plaintiff to its billing “mistake.” He testified he turned these bills over to his employer, the Supreme Construction Company.
The plaintiff, through its office manager, Nolan Pitcher, attempted to show that Philip Capitano did incur the obligation to pay for these repairs individually. Pitcher testified that he had not known that Capi-tano was employed by Supreme Construe *713 tion Company or that the truck was owned by it.
Pitcher stated further that if it had been the intention of Philip Capitano to have the repairs billed to his employer and had Capitano so expressed this intention, it would have been done.
The trial judge in his reasons for judgment expressed the belief that the issues in this case were largely factual ones. Therefore he was forced of necessity to concern himself with the veracity of.the parties involved. In his attempt then to weigh the credibility of the testimony of the parties and witnesses he was influenced by the startlingly contradictory statements of fact offered by the defendant in his original and subsequent amending answers.
We are of the conclusion that the trial judge was quite correct in using these pleadings as a basis for a determination of the weight to be placed on the testimony of the defendant.
The United States Circuit Court of Appeals, in examining pertinent Louisiana law on this point, made this statement in Jackson v. McWilliams Dredging Co., 76 F.2d 795, 797 (5 Cir. 1935):
“ * * * The general rule everywhere is that a party is bound by his pleadings as to the party against whom he makes them so long as they stand unamended ; but, when stricken out by amendment, they no longer have any force, except as they may be used for the purpose of impeaching or attacking the credibility of the party who made them. * * * ” (Emphasis added.)
After thus weighing the testimony of all the witnesses presented at trial, along with the documentary evidence, the trial judge found that the defendant, Philip Capitano, took the truck to be repaired, and for whatever his reasons, he intended that he be personally billed for these repairs and so informed the plaintiff.
If Capitano did in fact act in the capacity of agent for Supreme Construction Company, as he testified, the principal, rather than he, Capitano, would have been responsible for the repair bill. The trial judge did not accept the defense of agency, and left no doubt in his reasons for judgment, dictated into the transcript immediately following trial, that he rejected Ca-pitano’s testimony. In view of Capitano’s inconsistent positions the credibility of his testimony is cast in doubt, and there was no error in the trial judge’s finding of fact.
The defendant-appellant has brought to.our attention that the judgment awards legal interest from the date of the repairs, April 7, 1964, instead of from the date of judicial demand, November 9, 1964. We do not know if this was inadvertent or intentional. It is apparent that Philip Ca-pitano had an open account with the plaintiff, Mack Trucks, Inc., and we cannot determine from the record if special arrangements were made between the parties for payment. In a situation such as this the law is clear that the legal interest should begin to accrue from the date of judicial demand, or November 9, 1964. Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620 (1925); Levingston Supply Co., Inc. v. Basso, 164 So.2d 141 (La.App. 1st Cir. 1964); Three Rivers Hardwood Lumber Co., Inc. v. Gibson, 181 So. 607 (La.App.2d Cir. 1938).
For these reasons, the judgment appealed from is amended so as to award legal interest from the date of judicial demand, November 9, 1964, rather than from April 7, 1964, and, as amended and in all other respects, it is affirmed at appellant’s cost.
Amended and affirmed.

. When this payment was made, it was assumed that the truck was insured and this amount was the deductible portion payable by the insured.