LOTTINGER, Judge.
This is a suit for personal injuries and property damages resulting from an inter-sectional collision. The petitioner in the instant suit is Erwin Hoyt, who was riding as a passenger in a cab belonging to Hol-sum Cab, Inc. The defendants are Holsum Cab, Inc., Alphonse Johnson, the driver of the other vehicle, and Willie Mae Davis, the owner of said vehicle, and her liability insurer, The New York Fire and Marine Insurance Co. The Lower Court awarded judgment in favor of petitioner and against Holsum Cab, Inc., in the sum of $1,483.84. Petitioner’s demand as against Willie Mae Davis and Alphonse Johnson and their insurer, was dismissed. A suspensive appeal was taken by the defendants, Holsum Cab, Inc., as well as its insurer, and petitioner has taken a devolutive appeal.
A companion suit entitled “Willie Mae Davis, et al v. Holsum Cab Company, Inc., et al”, No. 7509 on the docket of this Court, 217 So.2d 198, was consolidated with the instant case for purposes of trial, and the Lower Court gave written reasons for its decision in both cases; however, separate judgments were rendered. In Suit 7509, the petitioners are Willie Mae Davis, Dorothy Mae Heatley, individually and as mother and natural tutrix of her minor child, Alphonse Johnson, Jr., and Charles Joseph Williams. Defendants were Hol-sum Cab, Inc., its insurer, Imperial Casualty and Indemnity Co., and Huey P. Pre-witt. A third party demand was filed by all defendants against Willie Mae Davis, Dorothy Mae Heatley, as natural tutrix of her minor son, Alphonse Johnson, Jr., and New York Fire & Marine Insurance Co. The Court therein gave judgment in favor of petitioner Charles Williams, and against *200 defendant, Holsum Cab, Inc., in the sum of $375.00, in favor of Willie Mae Davis and against said defendant in the sum of $150.00, in favor of Dorothy Mae Heatley, individually, and against said defendant in the sum of $70.00, and in favor of Dorothy Mae Heatley as natural tutrix of Alphonse Johnson, Jr., and against said defendant in the sum of $794.00. Holsum Cab, Inc., Imperial Casualty and Indemnity Company as principal and Fidelity and Deposit Company of Maryland, as surety, filed a sus-pensive appeal. Devolutive appeals on the question of quantum only were taken by petitioners, Charles Williams and Dorothy Mae Heatley, as natural tutrix of her minor child, Alphonse Johnson, Jr.
Both of said suits will be treated in this one opinion, however, separate judgments will be rendered in each suit.
The suits arose as a result of an inter-sectional collision between a Holsum Cab driven by Huey Prewitt and in which Erwin Hoyt was riding as a fare-paying passenger. Prior to the accident, the cab was traveling west on Weller Avenue in the City of Baton Rouge, Louisiana. The other vehicle to the collision was a 1956 Mercury automobile owned by Willie Mae Davis and being driven at the time by her minor son, Alphonse Johnson, Jr. Riding as a guest passenger in the Mercury automobile was Charles Joseph Williams. Prior to the accident, the Mercury automobile was traveling north on Plank Road.
The accident occurred at approximately 7 o’clock P.M. on April 3, 1966, at the intersection of Weller Avenue and Plank Road in the City of Baton Rouge, Louisiana. Weller Avenue is a two lane asphalt street running generally in an easterly and westerly direction. Weller Avenue makes a dog-leg as it intersects Plank Road. Plank Road is a four lane main thoroughfare, two lanes for traffic traveling south and two lanes for traffic traveling north, with only a line as a separator. The point of collision was about the center of the right or outside traffic lane for north bound traffic on Plank Road.
Due to the dog-leg on Weller Avenue, two traffic lights controlled the intersection at the time of the accident. The corner is somewhat a blind one for traffic approaching Plank Road on Weller Avenue, inasmuch as a building is situated on the corner some five or six feet from the east parallel line of Plank Road. At the time of the accident it was dark.
The only question presented to the Lower Court, other than that of quantum, was the question of which vehicle ran the red light. Mr. Hoyt stated that he was seated in the right front seat of the cab and he first noticed the light to be green for Weller Avenue traffic when he was approximately 100 feet from the intersection. He did not know whether the light later changed to red or remained green at the time of the accident. Huey Prewitt, the cab driver, testified that the light was red as he approached it, however, it turned green and he had a green light at the time of the collision. One other witness for petitioner was Charles Tate, who said he was stopped on Plank Road heading south and that the light was red for Plank Road traffic at the time of the accident. This witness knew Prewitt and had worked with him off and on as a cab driver. Both Charles Williams and Alphonse Johnson, who were in the Davis vehicle, said that the light was green for Plank Road traffic. Therefore, the question to be resolved is one solely of credibility of the witnesses.
After listening to the evidence below, the Lower Court held that at the time of the accident the traffic light was green for traffic approaching on Plank Road. This decision, according to the reasons of the Lower Court, was based upon the testimony of Hoyt, Williams, and Johnson.
There are certain factors in the record which tend to cast serious doubt as to the veracity of the testimony of two of the witnesses who testified on behalf of petitioner, Hoyt. One was that of Charles *201 Tate. With regard to his testimony, the Lower Court stated that it was unworthy of belief.
Mr. Tate testified that he was stopped at a red light headed south on Plank Road at the time of the impact. He was stopped in the left hand lane of traffic heading south, and his wife was with him. Upon hearing the impact he looked up and saw that his friend, Prewitt, was in the cab. In spite of this he did not stop to render assistance because he “ * * * had always heard that people gathering around an accident would hinder emergency vehicles coming in.” Although it was dark at the time, he stated that when the light changed to green he proceeded along his way while Mr. Prewitt was still in his cab following the accident. Mr. Tate, upon seeing his friend Prewitt some two or three months following the accident, stopped and told him, for the first time, that he had been a witness to the collision.
Evidently the only fact which Mr. Tate knew about the accident was that the light was green for Mr. Prewitt. He did not know how Mr. Prewitt was dressed, did not know whether he heard any brakes before the impact, didn’t notice the Johnson car, and didn’t tell anyone about the accident until he told Mr. Prewitt. The testimony of Mr. Tate was of such dubious value that counsel for Holsum Cab Company Inc., and its insurer states in his brief before this Court that “ * * * there is no question but that his testimony is not worthy of belief.”
Mr. Hoyt, in his original verified petition, alleges that one of the acts of negligence on the part of the cab driver, was his failure to obey the traffic signal and to stop. Subsequently, by amended petition, this allegation was reiterated and a similar allegation was added to also show negligence on the part of Alphonse Johnson in his failure to obey the traffic signal. Thus, according to the allegations of Mr. Hoyt’s petition, both drivers ran red lights. There was no evidence, however, to show that the lights were not operating properly.
In Mack Trucks, Inc. v. Capitano, La.App., 204 So.2d 710, the Court, faced with a similar situation, said:
“The trial judge in his reasons for judgment expressed the belief that the issues in this case were largely factual ones. Therefore he was forced of necessity to concern himself with the veracity of the parties involved. In his attempt then to weigh the credibility of the testimony of the parties and witnesses he was influenced by the startling contradictory statements of fact offered by the defendant in his original and subsequent amending answers.
We are of the conclusion that the trial judge was quite correct in using these pleadings as a basis for a determination of the weight to be placed on the testimony of the defendant.”
The Court, in the Mack Trucks case then went on to quote from the United States Circuit Court of Appeal in Jackson v. McWilliams Dredging Company, 5 Cir., 76 F.2d 795, as follows:
“The general rule everywhere is that a party is bound by his pleadings as to the party against whom he makes them so long as they stand unamended; but, when stricken out by amendment, they no longer have any force, except as they may be used for the purpose of impeaching or attacking the credibility of the parties who made them. * * * ”
The jurisprudence of this State is firmly established to the effect that the findings of fact of the Lower Court particularly those involving the credibility or veracity of witnesses testifying before it, and its conclusions as to the facts, will not be disturbed unless found to be clearly erroneous. Gulf Machine Shop v. Poynter, La.App., 192 So.2d 606; Evers v. State Farm Mutual Automobile Insurance Company, La.App., 187 So.2d 217.
*202 We are, therefore, of the opinion that the Lower Court was correct in holding that the cause of the accident was the failure of the driver of the cab to stop for the red light facing him. As was found by the Lower Court, there was no contributory negligence shown on the part of Alphonse Johnson, Jr., the driver of the Mercury sedan.
With regard to quantum, the evidence shows that petitioner, Hoyt, suffered a concussion, a four inch laceration of the scalp, a small laceration of the forehead and left forearm, as well as abrasions and contusions of the left knee. X-rays proved to be negative. He was treated in the emergency room of Our Lady of the Lake Hospital and released. He made several office visits to Dr. Harold Holden, and was discharged on May 10th. It was stipulated that he was off from work five weeks and that his weekly salary was $90.00. The Lower Court awarded him $45.94 for drugs, $18.00 for ambulance service, $71.90 for emergency room expenses, $148.00 for doctor bills, and lost wages of $450.00. The Lower Court found that subsequent complaints with his esophagus and duodenal ulcer were not causally connected with the accident. The Court awarded him $750.00 for personal injury, thus making the total award in favor of Mr. Hoyt in the sum of $1,483.84.
Charles Williams suffered a laceration of the forehead, face and left side of the nose, requiring ten stitches. He was treated in the emergency room of the Baton Rouge General Hospital, was given antibiotics and tetnus toxide and released. He was not seen by his physician, Dr. Yates, again. The Lower Court awarded him $20.00 for medical bills and $350.00 for personal injuries, making his total award the sum of $370.00.
Alphonse Johnson, Jr., suffered a contusion of the left elbow, mild limitation of motion in the cervical region and some muscle spasm. He was also seen by Dr. Yates at the emergency room of Baton Rouge General Hospital. He made thirteen office visits to Dr. Yates, and was disabled from April 3rd to May 17th. He lost seven weeks from his job where his salary amounted to $42.00 per week, or a total loss of wages of $294.00. The Lower Court awarded him $500.00 for his injuries. Thus the total award in favor of Alphonse Johnson, Jr., was in the sum of $794.00.
With regard to property damages of Willie Mae Davis for the loss of her automobile, the Lower Court awarded the sum of $150.00, which sum was stipulated as the value of the Davis vehicle at the time of the accident.
Due to the mild nature of the injuries sustained by the various plaintiffs, we find no error in the amounts awarded by the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal will be paid by defendant, Holsum Cab Company, Inc.
Judgment affirmed.