BARNETTE, Ju¿ge.
This is an appeal by a husband from a judgment in favor of his wife granting a separation from bed and board.
On October 25, 1967, plaintiff, Annie L. Clement, filed suit against her husband, Elie J. Leonard, for separation from bed and board alleging in her petition that on October 16, 1967, defendant abandoned their matrimonial domicile and refused to return and further that he was guilty of cruel and inhuman treatment toward the plaintiff to the extent that it *556 rendered their living together insupportable.
Defendant answered and admitted that he had left the matrimonial domicile but alleged that he was forced to leave because of cruel treatment to him on the part of the plaintiff that rendered their living together insupportable. He concluded his answer by asking for a judgment of separation in his favor.
The case was set for trial on September 6, 1968. On that date the district court ■ ordered the trial to proceed, although neither defendant nor his attorney was present, stating that no satisfactory explanation of their absence had been given. Judgment was rendered in favor of the plaintiff. A motion for a new trial was granted upon timely application and on December 11, 1968, the matter, was tried again. From a judgment in favor of plaintiff, defendant has appealed.
There is some question as to whether the defendant has properly pleaded a re-conventional demand as prescribed by the provisions of the Code of Civil Procedure. The trial court resolved the doubt in favor of the defendant, giving a liberal interpretation to his pleadings. In view of our decision in this case, it is not necessary that we rule on this issue.
The trial court judge in his written reasons for judgment stated:
“The Court has rendered judgment for the wife herein despite what appeared to be a mutually unhappy domestic relationship. Despite the facts proven before the Court which established the wife’s temper tantrums and apparent refusal to enjoy the conjugal relationship, it appears that the husband’s actions (and reactions) were of an extremely violent nature. The wife’s treatment of her husband may have justified his leaving the home but they do not justify the physical and verbal abuse which he afforded his wife. For these reasons the Court has granted a separation in favor of the wife.”
After consideration of the pleadings, testimony and evidence in the record, we concur with the conclusion of the trial court judge. The decision is based on questions of fact and the credibility of the witnesses. There is no manifest error in the findings of the trial judge. Department of Highways v. Southern Shipbuild. Corp., 217 So.2d 497 (La.App. 1st Cir. 1968); Hoyt v. Holsum Cab Company, 217 So.2d 198 (La.App. 1st Cir. 1968); Succession of Dauzat, 212 So.2d 523 (La.App. 3d Cir. 1968).
A detailed discussion of the incidents of physical and verbal abuse on the part of both parties would serve no useful purpose to this opinion. It is sufficient simply to state that from a reading of the testimony it is evident that neither party is entirely without fault in this case. Defendant has attempted to justify his leaving the matrimonial domicile because of his wife’s refusal to engage in the conjugal relationship and because of her extreme and violent temper. However, as pointed ■ out by the trial judge, this does not justify the physical and verbal abuse which he inflicted upon her.
Therefore, for the foregoing reasons the judgment appealed is affirmed at appellant’s cost.
Affirmed.