[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11629

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 10, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-22665-CV-PCH

THEODORE DUKES,
LYNN SMITH,
BRIAN SCRUGGS,

Plaintiffs-Appellees,

versus

MIAMI-DADE COUNTY,
ERIC GOLDBERG, Officer,
KIMBERLY LLAMBES, Officer,
ENRIQUE GUERRA, Officer,
REGINA DEAN, Officer,

Defendants-Appellants,

CARLOS ALVAREZ, Chief, individually,
et al.,

Defendants.

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 10, 2007)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendants Eric Goldberg, Kimberly Llambes, Enrique Guerra, and Regina

Dean ("Defendants"), Miami-Dade County police officers, appeal the district

court's denial of qualified immunity in the Plaintiffs' civil rights action, 42 U.S.C.

§ 1983 claims. We affirm in part and reverse in part.

## I. BACKGROUND

A.      Traffic Stop and Subsequent Arrest and Conviction

The allegations in this lawsuit are all based on a police stop and subsequent

chase and arrest.[1] On October 11, 2001, Theodore Dukes, Lynn Smith, and Brian

Scruggs ("Plaintiffs") were in a car driven by Dukes when they were stopped and

boxed in by three unmarked police cars. According to the Plaintiffs, they did not

_____

[1] All of the facts are allegations taken from the Plaintiffs' Original Complaint and presumed to be true for purposes of this decision. The Plaintiffs filed an Amended Complaint after the Defendants filed their motion to dismiss; the district court's ruling was based on the Original Complaint except for its decision regarding the conspiracy allegation.

know they were being stopped by police and feared they were being carjacked. As Dukes tried to drive away, Defendant Goldberg shot into the car, wounding Dukes in the chest.[2]

Dukes eventually broke his car free of the officers' blockade and drove away. After the Plaintiffs had driven approximately eight blocks, they noticed that the unmarked cars following them now had police lights flashing. Only then did they realize that they were not being pursued by carjackers, but by police. Dukes, who at this point was losing consciousness, pulled the car over. All three suspects were then arrested.

The Original Complaint alleged that excessive force was used when Dukes, bleeding from the gunshot wound to his chest, stepped out of the vehicle and was slammed to the ground by a police officer. Allegedly, several officers, including Defendants Dean, Goldberg, Guerra, and Llambes, stomped and kicked Dukes. The Original Complaint described the beating as so severe that bystanders were moved to intervene.

Smith surrendered to the officers without resistance, but was nonetheless

---

[2] After Defendant Goldberg moved to dismiss the Original Complaint against him on the grounds that Dukes admitted that he tried to breakthrough the roadblock, thus justifying the use of deadly force, the Plaintiffs amended their Complaint to state that, after being stopped, Defendant Goldberg simply exited his vehicle, approached Dukes, and shot him without warning and before Dukes could respond in any way. In this revised version of events, only after being shot did Dukes attempt to drive through the road block by striking one of the unmarked police cars.

slammed to the ground and kneed in her back by Defendant Llambes with such force that she lost control of her bladder and complained of severe pain. Scruggs did not resist either, but was attacked, thrown to the ground, and struck with a pistol by an unknown officer.

Both Scruggs and Smith were taken into custody and questioned before being released. Smith was not given any medical care while in custody but was treated later for injuries sustained during her arrest. Dukes was taken to the hospital and underwent surgery. He was later charged in Florida state court with aggravated assault on a police officer and fleeing the police. After a jury trial, he was acquitted of assault but convicted of fleeing and eluding the police. This offense of conviction includes an element that Dukes knew that he was being ordered to stop by a law enforcement officer. Fla. Stat. Ann. § 316.1935 (2001).

B.    Procedural History

On October 6, 2005, Plaintiffs Dukes, Smith, and Scruggs filed the present suit against Defendants Dean, Goldberg, Guerra, and Llambes, the Director of Police Carlos Alvarez, Miami-Dade County, and various unnamed officers ("John Doe Officers").[3] The Original Complaint contained nine counts, six of which were federal claims asserted under 42 U.S.C. § 1983. There are three claims before us

_____

[3] The claims against the County and Director of Police are not before us here.

4

on appeal. The first is that the Defendants and certain unnamed officers conspired to exercise excessive force and conceal their constitutional violations (Count III). The second claim is that Defendant Goldberg used excessive deadly force in shooting Dukes (Count IV). The third claim is that Defendants Dean, Goldberg, Guerra, Llambes, and the John Doe Officers failed to intervene to prevent certain unnamed fellow officers from violating the Plaintiffs' constitutional rights during the arrests (Count VI).[4]

The Defendants moved to dismiss the claims against them under the doctrine of qualified immunity. Fed. R. Civ. P. 12(b)(6). They argued that the Plaintiffs did not satisfy the heightened pleading standard applicable to qualified immunity claims and that the Plaintiffs failed to allege any specific conduct by the Defendants that violated the Plaintiffs' clearly established rights. As part of this motion, the Defendants argued that the Plaintiffs were precluded from making any allegations that contradicted Dukes' conviction for fleeing to elude a law enforcement officer.

On March 1, 2006, the district court issued an Order deciding, among other issues, the Defendants' motion to dismiss Counts III, IV, and VI. Although the

---

[4] Count V claims that John Doe Officers–but not the Defendants here–used excessive force during the arrests of all three Plaintiffs (Count V). The named Defendants are not charged with the use of excessive force against the Plaintiffs during the arrests, but with the failure to intervene.

Order found that the Original Complaint's conspiracy claim was insufficient, the district court concluded that the Amended Complaint alleged facts sufficient to deny the Defendants' motion to dismiss Count III regarding Dukes but not Scruggs or Smith.[5] The Order also denied the Defendants' motion to dismiss Counts IV and VI and the Defendants' motion to strike the amendments to Counts III, IV, and VI in the Amended Complaint. The Order also denied the Defendants' motion to stay discovery pending final resolution of the qualified immunity issue. Miami-Dade County and the Defendants appealed.

After the appeal was filed, this court requested briefing on whether the district court's March 2006 Order denying Defendants' motions to dismiss, strike, and stay discovery is immediately appealable. On June 9, 2006, this court concluded that the Order is immediately appealable "to the extent it denied qualified immunity." "To the extent that the denial does not address qualified immunity," the court continued, "the appeal is DISMISSED."

As such, Miami-Dade County's appeal is no longer before us. Neither do we have jurisdiction to consider the district court's denial of the Defendants'

---

[5] The district court noted that Count III in the Original Complaint failed to identify a separate and distinct injury that was caused by the alleged cover-up. But the court then considered the Plaintiffs' Amended Complaint and found that its specific claim that the cover-up caused Dukes to be prosecuted for aggravated assault overcame the pleading deficiency in the Original Complaint. The Plaintiffs do not argue that the district court erred by dismissing Count III with regard to Smith and Scruggs and so the issue is not before us.

6

motion to strike and motion to stay discovery and for a protective order. Thus, the only issues before us are the denials of qualified immunity on Count III (against the named officers and unnamed officers for conspiracy to interfere with civil rights), Count IV (for excessive use of force by Defendant Goldberg in shooting Dukes), and Count VI (against named and unnamed officers for failure to intervene).

## II.  STANDARD OF REVIEW

We review a district court's decision to deny the defense of qualified immunity de novo, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiffs' favor. Gonzalez v. Reno, 325 F.3d 1228, 1233 (11th Cir. 2003); Williams v. Ala. State Univ., 102 F.3d 1179, 1182 (11th Cir. 1997) (per curiam). This circuit, however, imposes a heightened pleading requirement in section 1983 claims and plaintiffs cannot rely on "vague or conclusory" allegations. See GJR Invs., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right."); Fullman v. Graddick, 739 F.2d 553, 556-57

7

(11th Cir. 1984) (holding that in civil rights actions "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory.").

## III.  DISCUSSION

This appeal concerns the district court's denial of qualified immunity to all of the Defendants for conspiring to violate Plaintiff Dukes' civil rights (Count III), and for the Defendants' failure to intervene in the beatings of the Plaintiffs (Count VI).  Defendant Goldberg also appeals the denial of qualified immunity for the excessive force charge in shooting Plaintiff Dukes (Count IV).  "The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Gonzalez, 325 F.3d at 1233 (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)).  Because this defense should be resolved at the earliest possible stage of litigation, it is proper for the district court to rule on qualified immunity during a motion to dismiss.  Id.  "If a defendant asserts a qualified immunity defense in a Rule 12(b)(6) motion to dismiss, the court should grant qualified immunity if the plaintiff's complaint fails to allege a violation of a clearly established constitutional or statutory right."  Williams v. Bd. of Regents

8

of Univ. Sys. of Ga., 477 F.3d 1282, 1300 (11th Cir. 2007) (citing Williams v. Ala. State Univ., 102 F.3d at 1182).

To be eligible for qualified immunity, government officials, like the Defendants here, must show that they were acting within their discretionary authority. Gonzalez, 325 F.3d at 1234. There is no dispute in this case that the Defendants were acting in their discretionary capacity for all of the alleged violations.

The next step of our analysis requires the Plaintiffs to show that qualified immunity is not appropriate. Id. The Supreme Court created a two-part analysis to determine whether qualified immunity is appropriate. Id.; See Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001). The threshold question is whether the alleged facts demonstrate that the Defendants violated any constitutional rights of the Plaintiffs. Gonzalez, 325 F.3d at 1234. If a constitutional violation is alleged, the final step of the qualified immunity analysis is whether the right was clearly established. Id. "[O]nly Supreme Court cases, Eleventh Circuit caselaw, and [state] Supreme Court caselaw can clearly establish law in this circuit." Thomas ex rel. Thomas v. Roberts, 323 F.3d 950, 955 (11th Cir. 2003) (quotation and citation omitted).

We will apply the qualified immunity analysis to each count separately.

A.    Count III–Conspiracy

To prove a section 1983 conspiracy claim, the Plaintiffs must prove that the Defendants reached an understanding to deny the Plaintiffs' rights.  See Bendiburg v. Dempsey, 909 F.2d 463, 469 (11th Cir. 1990).  In the Amended Complaint, the Plaintiffs allege two distinct conspiracies: (1) that the Defendants conspired to violate the Plaintiffs' Fourth Amendment rights to be free of excessive force, and (2) that the Defendants conspired to deny the Plaintiffs "access to the courts by placing them in jeopardy of criminal charges (Dukes), and all the Plaintiffs in fear of using civil process of redress of constitutional violations."[6]

We conclude that the district court erred in denying qualified immunity on Count III.  The first conspiracy claim in Count III is insufficient because it fails to plead any facts other than the bare conclusion that the alleged shooting and beatings were the result of a conspiracy.  These "vague and conclusory" allegations are insufficient to state a violation of a protected right that is necessary to deny the Defendants qualified immunity.  See Fullman, 739 F.2d at 557 (noting that "[i]t is not enough to simply aver in the complaint that a conspiracy existed.").

_____

[6]  For purposes of this issue, we look to the Plaintiffs' Amended Complaint because the district court constructively accepted at least Count III of the Amended Complaint by relying on its allegations concerning the conspiracy count.

10

The second conspiracy claim in Count III is also insufficient. Although a generous interpretation of the pleadings allows us to construe the underlying constitutional violation that was the object of the conspiracy as something akin to a malicious prosecution, this claim is Heck-barred because it would undermine the integrity of Dukes' conviction for fleeing a police officer. See Heck v. Humphrey, 512 U.S. 477, 487, 114 S. Ct. 2364, 2373 (1994) (holding that one cannot assert a section 1983 claim that would "necessarily invalidate" a previous conviction); Whiting v. Traylor, 85 F.3d 581, 584-86 (11th Cir. 1996) (interpreting a malicious prosecution claim under § 1983 as a legitimate claim alleging a Fourth Amendment violation of an individual's right not to be unlawfully seized); see also Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (stating that judgment in favor of plaintiff who alleged a conspiracy to convict him falsely would necessarily imply the invalidity of his conviction). There is no object of a post-arrest cover-up by the Defendants that does not implicate the validity of Plaintiff Dukes' conviction for fleeing and eluding because any conspiracy to conceal or falsify the record regarding the Defendants' actions impugns the soundness of Dukes' conviction.[7] We therefore reverse the district court's denial of qualified

_____

[7] Conversely, despite the Defendants' arguments, Heck does not bar either the excessive force or the failure to intervene counts because the accuracy of those allegations do not necessarily contradict the integrity of the fleeing conviction.

11

immunity to the Defendants on Count III.

B.     Count IV–Excessive Force

The district court denied qualified immunity for Defendant Goldberg on the allegation that he unlawfully shot Dukes during the traffic stop.

Deadly force is reasonable for the purposes of the Fourth Amendment when an officer (1) has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others or that he has committed a crime involving the infliction or threatened infliction of serious physical harm; (2) reasonably believes that the use of deadly force was necessary to prevent escape; and (3) has given some warning about the possible use of deadly force; if feasible.

Robinson v. Arrugueta, 415 F.3d 1252, 1255 (11th Cir. 2005) (citing Vaughan v. Cox, 343 F.3d 1323, 1329-30 (11th Cir. 2003)) (quotations omitted).

Here, the pleadings sufficiently alleged a constitutional violation that is clearly established.[8]  As noted above, the Plaintiffs' Original Complaint alleged that Defendant Goldberg shot Dukes after Dukes began to drive away from the blockade.  In the Amended Complaint, the Plaintiffs alleged that Defendant

---

[8]  The recent Supreme Court case Scott v. Harris does not undermine our conclusion.  No. 05-1631, slip op. (Apr 30, 2007).

12

Goldberg shot Dukes before the Plaintiffs' car began to move after being boxed in. Although the Original Complaint alleges facts that are more likely to justify the use of deadly force than the Amended Complaint, the differences in allegations do not effect the outcome of our analysis here.

Defendant Goldberg argues that his use of deadly force was justified under the circumstances, but this is a disputed material fact, and it is not appropriate at this stage of the litigation to evaluate those disputes. The standard is whether Plaintiff Dukes sufficiently alleged a constitutional violation that would have been known to a reasonable official in Defendant Goldberg's position. Count IV meets this standard, and we affirm the district court's denial of qualified immunity to Defendant Goldberg.

C.     Count VI–Failure to Intervene

All four Defendants were denied qualified immunity by the district court for the Plaintiffs' allegations that they failed to intervene while other officers used excessive force during the arrests following the shooting and police chase. This court has held "'[i]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.'" Ensley v.

13

Soper, 142 F.3d 1402, 1407 (11th Cir. 1998) (citing and quoting Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986)).  This liability only applies when the defendant officer was in a position to intervene.  Id.

As the district court noted, the Original Complaint identified each of the alleged acts of excessive force and the claim that each of the named officers was in the vicinity of the attacks and capable of intervening to prevent the use of unnecessary force.  Velazquez v. City of Hialeah, No. 05-13157, 2007 U.S. App. LEXIS 9127 at *3 (11th Cir. Apr. 20, 2007) (per curiam) ("The law of this circuit is that 'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'") (quoting Skrtich v. Thorton, 280 F.3d 1295, 1302 (11th Cir. 2002)).  These allegations, if true, are sufficient to establish a constitutional violation that would have been reasonably known to the Defendants.  As such, we affirm the district court's denial of qualified immunity to all four named Defendants on Count VI.

## IV.  CONCLUSION

Because the Plaintiffs alleged sufficiently detailed facts to support their claims of excessive force and failure to intervene, we **AFFIRM** the district court's

14

denial of qualified immunity for the Defendants on Counts IV and VI. We **REVERSE** the district court's denial of qualified immunity for Count III and **REMAND** this case to the district court for further proceedings consistent with this decision.