[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10004
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 21, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-22665-CV-PCH

THEODORE DUKES,
LYNN SMITH,
BRIAN SCRUGGS,

Plaintiffs-Appellees,

versus

MIAMI-DADE COUNTY,
et al.,

Defendants,

OFFICER ERIC GOLDBERG, Individually,
OFFICER KIMBERLY LLAMBES, Individually,
OFFICER ENRIQUE GUERRA, , Individually,
OFFICER REGINA DEAN, Individually,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(August 21, 2008)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Officers Eric Goldberg, Kimberly Llambes, Enrique Guerra, and Regina Dean appeal the denial of their motion for summary judgment based on qualified immunity. The district court concluded that genuine issues of material fact barred summary judgment. We affirm.

Theodore Dukes, Lynn Smith, and Brian Scruggs filed a complaint against officers Goldberg, Llambes, Guerra, and Dean that alleged injuries arising out of a traffic stop followed by a chase and arrest. Dukes, Smith, and Scruggs alleged that the officers used excessive force in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and failed to intervene when other officers used excessive force during the arrest. The officers moved to dismiss the complaint based on qualified immunity, which the district court denied in part. The officers appealed. We affirmed in part and concluded that the complaint alleged sufficient facts to create a issue of fact about Goldberg's use of force and

2

the ability of the officers to intervene. Dukes v. Miami-Dade County, slip no. 06-11629 (11th Cir. May 10, 2007).

This second appeal by the officers concerns counts II, III, and IV of the fourth amended complaint. Again the district court denied the officers qualified immunity. The district court concluded that there were genuine issues of material fact about whether Goldberg was justified in using force against Dukes during the first stop; whether Goldberg and Dean used de minimis force to arrest Dukes; whether Guerra and Llambes used excessive force to arrest Dukes; whether Guerra used de minimis force to arrest Scruggs; and whether Goldberg, Dean, Guerra, and Llambes failed to intervene while other officers used excessive force against Dukes.

We review de novo the denial of summary judgment based on qualified immunity and construe all facts and make all reasonable inferences in the light most favorable to the nonmoving party. Tinker v. Beasley, 429 F.3d 1324, 1326 (11th Cir. 2005).

The evidence presented by Dukes, Smith, and Scruggs creates jury questions about the need for Goldberg to use force, the amount of force used to arrest Dukes and Scruggs, and the officers' presence, participation in, and failure to intervene in several assaults of Dukes after he was handcuffed. The district court

3

acknowledged the officers' arguments regarding the absence of physical injury to substantiate Dukes's and Scruggs's allegations, but the district court correctly concluded that medical evidence was not required to create a genuine issue of material fact for trial. The district court correctly evaluated the motion for summary judgment in the light of allegations contained in the fourth amended complaint, which superceded the earlier complaints. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219–20 (11th Cir. 2007). Any contradictions in the allegations made by Dukes, Smith, and Scruggs may be used at trial to impeach them or to attack their credibility. See Fed. R. Evid. 608(b); Jackson v. McWilliams Dredging Co., 76 F.2d 795, 797 (5th Cir. 1935).

The denial of summary judgment is **AFFIRMED**.