No. 101.—BANK OF NEW ORLEANS *v.* JAMES M. FRANTOM.

Payment of a note given in favor of an agent, and discounted by a bank in Confederate notes, and the proceeds thereof handed over to the maker of the note, can not be enforced. Constitution, article 127. The fact that the agent or factor of the maker of the note, who negotiated it with the bank, sent a small amount of groceries to the maker of the note, which he had purchased with a part of the proceeds, with the balance in Confederate notes, will not enable the bank to recover the amount of the supplies so furnished, they forming no part of the consideration for which the bank discounted and became the owner of the note.

The rule that courts will not enforce an obligation with an unlawful cause, is not affected by any confirmative acts of the debtor. Therefore, a recognition or acknowledgment by the debtor, does not free it from the taint which the law has placed upon it.

APPEAL from the District Court, parish of Ouachita. *Ray, J. J. & S. D. McEnery,* for plaintiff and appellant. *John Ray,* for defendant and appellee.

HOWE, J. The note sued upon in this case was made by the defendant to the order of his agent and factor, Bres; and, at the request of the latter, discounted by the plaintiff. The bank paid to Bres the proceeds in Confederate notes, and Bres received the same for the defendant. He then sent the defendant eighty dollars and forty cents of the amount in plantation supplies, and the balance, by check, in Confederate notes.

There was judgment in the court below for defendant, and plaintiff has appealed.

We see no error in the judgment. The cause or consideration of the obligation, as between the defendant and plaintiff, was the payment by

·the latter of Confederate notes; and not, as the plaintiff has urged in argument, the furnishing of supplies. The plaintiff furnished no supplies.

Nor can the plaintiff recover, as claimed by its counsel, the sum of eighty dollars and forty cents, the amount of supplies purchased by Bres, for defendant, with the proceeds of the discount. These supplies were neither furnished by the bank nor by Bres. They were purchased by Bres, as agent for defendant, out of funds procured by discount from the bank, and they therefore formed no part of the cause or consideration of the obligation created by the note.

It appears that in 1867 the defendant signed, upon the back of the note, a statement in the following words: "I acknowledge the within note to be just and correct;" and it is claimed that he is estopped by this from now proving the unlawful consideration of the note. To this we reply, that in the first place there does not appear to have been any sufficient objection or exception to the introduction of the testimony; and, in the second place, the testimony was proper. The rule that courts will not enforce an obligation with an unlawful cause, is not established in favor of the defendant, and he can not affect it by any recognitive or confirmative acts. Such acts are infected with the same taint as the original contract, whose execution the law perpetually resists, and to whose ratification it will never lend its aid.

Judgment affirmed.