BLANCHE, Judge.
This appeal arises out of a suit wherein the plaintiff sought to recover the principal amount of the check made payable to him by the defendant in the sum of $280.00, together with legal interest from judicial demand and all costs. Plaintiff contended that the check was given to him by the defendant in payment of several loans made by him to the defendant. The defendant denied that he borrowed money from the plaintiff and insisted that the check represented payment of gambling debts incurred by him at plaintiff’s place of business and was therefore unenforceable. At the conclusion of the trial the presiding judge rendered judgment in favor of plaintiff in accordance with his demand, from which judgment defendant perfected this sus-pensive appeal. We affirm.
Without indulging in a lengthy narration of the record, it suffices to say that the testimony by and on behalf of defendant is diametrically opposed to that of the plaintiff; and although we were not favored with written reasons, it is obvious that the presiding judge believed plaintiff’s version of, the transaction in question. It is well settled that the factual conclusion of a trier of fact is entitled to great weight and should not be disturbed upon review in absence of manifest error and especially when based upon evaluation of credibility of opposing witnesses. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958); Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955). The record before us reflects no clear abuse of discretion or manifest error committed by the presiding judge and we have no reason to disturb his findings of fact.
Defendant contends on appeal, however, that the trial court erred in failing to apply the rule enunciated in Giannopulos v. Philips, 129 So.2d 306 (La.App. 4th Cir. 1961), and related jurisprudence that plaintiff has the burden of proving consideration for a negotiable instrument where the absence of consideration is properly pleaded and supported by evidence sufficient to overcome the prima facie presumption of presence of consideration. This rule avails defendant nothing. Our views on this question have been ably set forth by our brothers of the Second Circuit Court of Appeal in Wilson v. Sawyer, 106 So.2d 831 (La.App.2d Cir. 1958), writ denied, in the following excerpt:
“The jurisprudence is well settled in this State that the courts will not entertain actions to recover what has been either won or lost in gambling. Sampson v. Whitney, 27 La.Ann. 294; Bagneris v. Smoot, 159 La. 1049, 106 So. 561; Nielsen v. Planters Trust & Savings Bank of Opelousas, 183 La. 645, 164 So. 613; *127 Stewart Bros. v. Beeson, 177 La. 543, 148 So. 703; Russo v. Mula, La.App., 49 So.2d 622. Accordingly, no action will be maintained on a check given in payment of gambling losses. Russo v. Mula, supra; Friel v. Murchison, 8 La.App. 354. Neither will the courts entertain demands for collection of notes given for gambling debts. Whitesides v. McGrath, 15 La.Ann. 401; Bagneris v. Smott, supra; Keen v. Butterworth, La.App., 185 So. 37.
“The statutory basis for. this line of jurisprudence is found in the provisions of the Louisiana Constitution of 1921, LSA, Art. 19, § 8, which, so far as pertinent, provides:
‘Gambling is a vice and the Legislature shall pass laws to suppress it,’
and in the provisions of the LSA-Civil Code. For instance, LSA-C.C. Art. 2983 provides, in part:
‘The law grants no action for the payment of what has been won at gaming or by a bet * *
“Moreover, all contracts which have as their object that which is forbidden by law or contrary to good morals are void. LSA-C.C. Art. 1892. By the ‘cause’ of a contract is meant the motive or consideration for making it. LSA-C.C. Art. 1896.
‘An obligation without a cause, or with a false or unlawful cause, can have no effect.’ LSA-C.C. Art. 1893.
‘The cause is unlawful, when it is forbidden by law, when it is contra bonos mores (contrary to moral conduct) or to public order.’ LSA-C.C. Art. 1895.
“Thus, it is well settled that the courts will not entertain demands for the collection of notes or other obligations which have been given for a gambling debt or for a cause or consideration which is unlawful or contrary to public order or morals. Bagneris v. Smoot, supra; Martin v. Seabaugh, 128 La. 442, 54 So. 935; Bank of New Orleans v. Frantom, 22 La.Ann. 462.
“In the light of the aforesaid constitutional and statutory rules and the jurisprudence of this State, the decisive question is whether the notes sued upon represent gambling losses of defendant to plaintiff. This, of course, presents a factual issue. Important, however, to its determination is a legal question as to the burden of proof, which question should be resolved prior to a discussion of the facts.
“The law presumes that men in their business transactions do not intend to violate the law or to make contracts, the enforcement of which the law refuses a remedy. Therefore, where a party asserts a contract is illegal, he has the burden to establish that defense or contention. Conner & Hare v. Robertson, 37 La.Ann. 814, 55 Am.Rep. 521; Baucum & Kimball v. Garrett Mercantile Co., 188 La. 728, 178 So. 256; Stewart Bros. v. Beeson, supra.[1]
“Therefore, a legal presumption exists, in effect, in favor of the validity of contracts. The law does not assume an intention on the part of the contracting parties to violate its provisions nor will their agreement be decreed illegal where a reasonable construction supports its validity. J. P. Barnett Co. v. Ludeau, 171 La. 21, 129 So. 655. Moreover, to sustain a defense of the illegality of a contract, the illegality must be clearly shown. Tuckermann v. Jackson, 3 Orl.App. 399; Carlton v. Rice, 5 Orl.App. 19. It may be appropriate here to observe that the defense to the recovery on the notes is strictly not a want or failure *128 of consideration but that the contract or notes themselves are illegal by virtue of their execution and delivery to pay a a gambling obligation of defendant to plaintiff.” (106 So.2d at 832, 833)
The case of Domino v. La Bord, 99 So.2d 841 (La.App. 1st Cir. 1957), cited by defendant is likewise inapplicable for the reason that the Court found that the checks sued on had been issued to cover gambling losses. The issues in that case were first whether plaintiff had in fact given defendants any money for the checks and second whether plaintiff was an innocent bystander and therefore able to avail herself of the jurisprudential rule permitting recovery by a bystander of money advanced to a gambler purely as a personal favor. Contrary to the Domino case, there was serious doubt in the case before us that the check was issued to cover gambling losses. The presiding judge evidently resolved that doubt in favor of plaintiff that the check was given in payment to plaintiff of loans made to the defendant for non-gambling purposes.
The judgment of the trial court will be affirmed with all costs assessed to the defendant.
Judgment affirmed.

. This case involved a suit on a contract wherein defendant claimed the contract was illegal as a wagering contract, and the Supreme Court announced the rule that a party charging that a contract was unenforceable as a wagering contract has the burden of proving such allegation. (Footnote by this Court)