CHASEZ, Judge.
Dan Profit, plaintiff-appellee, g 51-year old negro, who was employed as a laborer by Crescent Construction Company, instituted this suit against his employer and Surplus Underwriters, its alleged compensation insurer, defendants-appellants.
On December 21, 1966, while in the course and scope of his employment, plaintiff was injured when a piece of conduit pipe fell off a truck onto his left foot. The toes of his left foot were mangled and subsequently the second, third and fourth toes of his left foot were amputated.
Plaintiff received $1450.02 in compensation from December 21, 1966, to November 7, 1967, at which time the compensation payments were terminated pursuant to the advise of plaintiff’s treating physicians that he was able to return to work.
In his petition, plaintiff alleged that he is totally and permanently disabled and unable to do any work of a reasonably similar character for which he is suited because of the injuries to his foot.
Within a year after suffering the injury, plaintiff developed the disease of diabetes mellitus and,has further alleged that this disease was produced in its active and progressive condition as a direct result of the injury to his foot. He urges that this condition has also rendered him totally and permanently disabled.
From a judgment in favor of plaintiff in the amount of $35.00 per week for four hundred weeks, subject to a credit of $1450.02 for benefits previously paid, the defendants, Crescent Construction Company and Surplus Underwriters, prosecuted this suspensive appeal.
The trial court determined that the plaintiff had not proved by a preponder- *816 anee of evidence that his diabetic condition was the result of the injury to his foot. We agree with the trial court and thus reject this contention.
The only question, then, posed to this court is whether the accident of December 21, 1966, which ultimately resulted in amputation of plaintiff’s three centermost toes, has rendered him totally and permanently disabled.
Plaintiff’s complaint is that he suffers pain when he walks or attempts to walk on his foot with the missing toes. The treating physicians, Drs. Espenan and Roy, testified that on their last examinations of plaintiff, they felt that the injury was completely healed and that in their opinion they did not feel that the injury suffered by plaintiff decreased his ability to compete with able-bodied workers in the flexible, general labor market and that he could return to work.
The court a quo in its written reasons for judgment stated that the plaintiff had been truthful and direct on the witness stand, and that the pain he claimed to suffer while walking was real and substantial, and that plaintiff was not a malingerer. The court stated further, that it was aware of the treating physician’s position that there were absolutely no objective measures by which they could say that the plaintiff suffered pain while walking.
The trial judge went on to say:
“There can be no question but that the matter of pain is one which is purely subjective, and in the absence of any objective findings no one can say whether or not the person claiming to have the pain actually has it. The only thing that the Court is able to do is to determine whether or not the claimant is to be believed. As heretofore stated, the Court is of the opinion that the plaintiff does suffer substantial pain when he walks on the left foot or uses the left foot to help support himself. In view of this fact, as well as the claimant’s age, his ability to compete with able-bodied workers in the flexible, general labor market has suffered as a direct result of the injury which he suffered in December of 1966.”
Total permanent disability has been awarded for pain. In the recent case of Stephney v. Robertson, La.App., 219 So.2d 9, this court stated:
“It is well-settled jurisprudence that even though a common laborer is not completely incapacitated he may nevertheless be considered as totally and permanently disabled within the meaning of the workmen’s compensation statute if the injury he has sustained has decreased his ability to compete witbf able-bodied workers in the flexible general labor market. The law does not expect or require an employee to work in pain in order to earn a living, and where an employee experiences substantial pain as a result of an injury, total disability will be allowed. Easterling v. Employers Liability Assurance Corp., 203 So.2d 852 (La.App. 4th Cir. 1967); Jarrel [Jarrell] v. Maryland Casualty Company, 200 So.2d 332 (La.App. 4th Cir. 1967); Funderburk v. Southwestern Iron Corporation, 180 So.2d 4 (La.App. 2d Cir. 1965); Thomas v. Gates, Inc., 157 So.2d 263 (La.App. 3d Cir. 1963); Glidden v. Alexandria Concrete Company, 132 So.2d 514 (La.App.3d Cir. 1961).” (Emphasis supplied.)
See also Hampton v. Fidelity and Casualty Co. of New York, La.App., 197 So.2d 911 (4th Cir. 1967).
The trial judge has great discretion in his determination of the facts and his opinion is to be accorded great weight, especially his findings of credibility of the witnesses. Lege v. United States Fidelity & Guaranty Co., La.App., 217 So.2d 761 (3rd Cir. 1969); Hoyt v. Holsum Cab Co., La.App., 217 So.2d 198 (1st Cir. 1968). In the absence of manifest error, the trial court’s findings must be honored.
*817 Dr. Kety, a general practitioner, testified on behalf of plaintiff and stated that he thought it was possible that plaintiff was, indeed, suffering pain. Drs. Espenan and Roy, the treating physicians, hired by plaintiff’s employer, testified that there were no objective symptoms of pain. It is interesting to note that neither of these two doctors could categorically deny that plaintiff was suffering pain.
Defendants have urged that the treating physicians’ testimony should be given greater weight than physicians who examine only once prior to trial, and cite White v. Insurance Company of North America, La.App., 150 So.2d 908 (4th Cir. 1963), and Istre v. Molbert Brothers Poultry and Egg Co., La.App., 125 So.2d 436 (3rd Cir. 1960). This court is mindful of this rule, as no doubt the trial judge was, but it must be realized that this rule does not demand a finding one way or another; it only establishes a strong presumption for the trier of fact to consider when making his conclusions. The trier of fact must make the finding as to the extent of disability after all the evidence has been introduced. Rusk v. Allstate Insurance Company, La.App., 167 So.2d 205 (3rd Cir. 1964). See 32 C.J.S. Evidence § 572.
On reading the trial court’s written reasons, it is apparent that he considered all the evidence (including plaintiff’s foot which was exhibited and examined by the doctors in open court) and he found that Dan Profit suffered pain when he walked. We cannot say that the trial judge was in error.
Defendant has placed much emphasis on the fact that plaintiff has a callous along the outside edge of his left foot. Defendant argues that the presence of a callous proves plaintiff was walking about on his foot and should, therefore, be able to work. Plaintiff does not deny walking—he merely says it hurts when he does walk, to the extent that he cannot work. And further, it seems to this court that if Dan Profit were in pain when he walked, he would favor his left foot (as was indicated at trial that he does) by not pressing his weight straight down on the ball of his foot because that is where the pain would be, but would walk on the side of his foot so as not to put pressure on the injured area. This would cause the callous to appear where the greatest weight was placed, i. e., on the outside edge of his left foot.
The judgment in favor of Dan Profit was rendered against Crescent Construction Company and Surplus Underwriters. We note from the record that plaintiff in his original petition prayed for judgment against Crescent Construction Company and Surplus Underwriters in solido. Cres-ent Construction Company filed an answer generally denying all of plaintiff’s allegations. Surplus Underwriters did not answer but filed an exception of no cause of action on the basis that it is an insurance brokerage concern and underwrites no insurance risks.
The record indicates that there was never a hearing on the exception or that it was referred to the merits. It was never acted upon. After the trial on the merits, Surplus Underwriters, as well as Crescent Construction Company, was cast in judgment but not in solido.
Because Surplus Underwriters never answered the petition and its exception was never heard, there is no basis for the judgment against it. Therefore, the judgment as against Surplus Underwriters must be reversed.
For the foregoing reasons, the judgment in favor of Dan Profit and against defendant, Crescent Construction Company, in the amount of $35.00 per week for four hundred weeks, beginning on December 21, 1966, with legal interest from date of judicial demand, subject to a credit of $1450.-02 for prior compensation payments, and for all costs, is affirmed.
The judgment as against Surplus Underwriters is reversed, and that part of the case is remanded to the lower court for *818 such further proceedings in accordance with law, as the interested parties may deem necessary.
Affirmed in part; reversed in part; and remanded.