234 So.2d 241 (1970)
William GAY, Plaintiff-Appellant,
v.
TRAVELERS INSURANCE COMPANY et al., Defendants-Appellees.
No. 11401.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1970.
*242 Patrick W. Looney, John D. Goodwin, Shreveport, for appellant.
Joseph R. Bethard, Shreveport, for appellees.
Before AYRES, PRICE and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an action for damages arising from a car-truck collision which occurred shortly after 11 o'clock A. M. on October 19, 1967. Plaintiff William Gay was a passenger in a 1958 Chevrolet owned by him and operated by Louisa Macon. Gay was asleep on the passenger side of the front seat of the vehicle. Louisa Macon was driving north on Highway 71 inside the city limits of Hosston, Louisiana. A 1965 Chevrolet 80 Series 409 truck with a dump trailer, owned by Carl McKenzie Road Service, Inc. and driven by Richard Bernell Dorscher, was proceeding south on Highway 71. It had been raining and the highway surface was slippery and wet. A collision occurred and both Gay and Louisa Macon were injured. Plaintiff Gay brought this suit for damages sustained by him in the accident, naming Dorscher, Carl McKenzie Road Service, Inc. and its insurer, Travelers Insurance Company as defendants. Defendants answered the suit denying any negligence on Dorscher's part and naming Louisa Macon as a third-party defendant. Louisa Macon answered the petition denying that the accident was caused by her negligence, and, assuming the position of plaintiff in reconvention, sought damages for injuries suffered by her. Judgment was originally rendered in defendants' favor. A new trial was granted for the purpose of taking the testimony of an eyewitness to the accident. Plaintiffs now appeal from a judgment in defendants' favor.
The testimony concerning the cause of the accident is conflicting. Dorscher testified that he was coming around a curve at a speed of 30 to 35 miles per hour when he saw the car driven by Louisa Macon approaching him, crowding the white line "going over and going back"; that the car appeared to be headed into a filling station but veered out again and struck his truck on the right front fender causing his vehicle to jackknife and turn left across the highway.
Louisa Macon testified she was driving about 35 to 40 miles per hour and did not remember having crossed the center line; that when she was about 70 to 75 feet from the truck she saw it "coming down the highway crossways of the road."
Travis Bass, a Deputy Sheriff of Caddo Parish, investigated the accident. He testified Louisa Macon told him the truck was entering her lane of traffic when she cut across the center line and back into her lane before the impact and that the collision occurred in the northbound lane of traffic. Bass testified Dorscher told him the Macon car appeared to be going into the filling station when he put on his brakes which caused the truck to jackknife across the center line.
*243 The collision occurred at a point directly in front of a filling station, located on the west side of Highway 71 and owned by M. E. Poindexter, the only eyewitness to the collision. Poindexter testified that he was standing about 30 feet from the highway preparing to service a car when something made him look up; that the truck was about 200 feet north of the station when he first saw it and the cab was "turned just a little under the trailer" across the center line. He did not see the car until it was about 30 feet from the point of impact in the northbound lane.
In his opinion the trial judge stated that he was not placing much credence in the testimony of Louisa Macon and Deputy Bass since they did not have a clear recollection of the accident. He found the facts to be as follows: Dorscher came around the curve and was suddenly met by a car driven by Louisa Macon on the wrong side of the road. Dorscher was confronted by a sudden emergency and applied his brakes causing the truck to jackknife on the slick pavement. The trial judge found that the accident occurred on Louisa Macon's side of the road but that the proximate cause of the accident was her negligence in driving on the wrong side or at least weaving back and forth from one side to the other.
The trial judge heard the testimony of the witnesses and was able to observe their demeanor on the stand and determine their credibility. Such findings of fact, particularly those involving the credibility of witnesses, are entitled to great weight on appeal. The trial judge's conclusions as to the facts will not be disturbed unless found to be clearly erroneous. We find no such error here.
For the reasons set forth above the decision of the trial court is affirmed. Costs of this appeal are assessed to appellants.
Affirmed.