TAYLOR, Judge.
The plaintiff-appellee was the owner of a residence at 413 Grove Street, Harahan, Louisiana, on and prior to October 25, 1967. On this date police officers were called to this address in response to a phone call by someone in the neighborhood regarding vandalism occurring in plaintiff’s home. Several young boys were accosted by the officers near the residence and were questioned. As a result of this occurrence Kenneth W. Reach as the father of his minor son, was sued for humiliation, mental anguish, loss of wages and the cost of repairs necessitated by the destruction allegedly caused by his minor son. Several other fathers were also sued for the alleged vandalism of their sons. On the trial of the merits the suit was dismissed as to the other defendants however Kenneth W. Reach, as administrator of his minor son, was cast in judgment for the sum of $918.00 and for interest and all costs.
Kenneth W. Reach filed a suspensive appeal. No appeal was taken by plaintiff-appellee as to that portion of the judgment dismissing his suit against all the other defendants.
The findings of the trial court on questions of fact may be reversed only for manifest error. The trial court has great discretion in the determination of facts and its opinion is to be accorded great weight, especially its findings of credibility of witnesses. Readco Industries, Inc., v. Myrmax Specialties, Inc., La.App., 236 So.2d 573 (1970); Gay v. Travelers Ins. Co., La.App., 234 So.2d 241 (1970). In this matter the trial court heard all the witnesses and the trial judge made his findings of fact.
From a reading of the record we see that it is a proven fact that the appellant’s son was in the house on the afternoon of October 25, 1967 along with another boy. A neighbor heard noise coming from the house. Later she heard the breaking of windows and actually saw a stick being punched through the windows. At first she had thought the noise was caused by plaintiff working on his house. After the breaking of the windows she was called by another neighbor and after discussing *68 the activities in the vacant house, she called the police and was informed that a call had already been made.
This same witness had seen the house about one week earlier and said that it was in beautiful condition and “everything was so nice.” On October 25, 1967 she entered the home and saw the damage which had been done. This was after the police had arrived at the scene.
The trial court also had the benefit of hearing the testimony of these young boys, the testimony of the officers who questioned them and, more specifically, the questioning of appellant’s son. The court then determined that the damage to the residence at 413 Grove Street was caused by appellant’s son and not by the other young boys.
We find no fault with the court’s conclusion for it is more than amply substantiated by a reading of the testimony.
The court awarded the plaintiff judgment in the amount of $918.00.
The plaintiff testified that he actually expended approximately $300.00 for materials and an additional $30.00 to hire two men to clean the inside of his residence. Plaintiff’s testimony is that he did the labor himself on his own time over a period of nine months.
Our jurisprudence requires one damaged by the fault of another to mitigate or minimize his damage as much as possible within the bounds of reasonableness. One need not go to any extraordinary means in mitigating damage. In the instant case the plaintiff was more than reasonable in mitigating his damages.
The law and the courts look not to enrich one at the expense of another, or to punish one for a wrongdoing but rather to right a wrong as far as legally possible.
The plaintiff sued not only for the damage to his house but for humiliation and mental anguish. The record reflects that the plaintiff certainly suffered as a result of this act of vandalism and the defendant must therefore respond in damages. We are convinced that the trial court took all this into consideration. The award of $918.00 is neither excessive nor inadequate in the light of all the circumstances.
For the foregoing reasons, the judgment of the lower court is affirmed. Costs of this proceeding to be borne by defendant-appellant.
Affirmed.