GUIDRY, Judge.
The defendant appeals from a judgment of the District Court which decreed a divorce between he and his wife and further finding no fault on the part of the latter awarded her alimony in the amount of $200.00 per month.
Although the appellant has asked for a review of the lower court judgment in its entirety the record clearly reflects, as Counsel for appellant candidly admitted in his argument before this court, that the judgment of the lower court is correct in so far as it decreed a divorce which dissolved the marriage of the.parties. Additionally, it appears that in the court below the parties by stipulation agreed that if the plaintiff be found free from fault she is entitled to an award of alimony under the provisions of R.C.C. art. 160 in the amount of $200.00 per month. In essence therefore, the sole question for our review concerns whether or not the plaintiff-wife has established by a preponderance of the evidence that she was without fault.
A determination as to whether or not the plaintiff-wife was guilty of fault of a serious nature which constituted a contributing or proximate cause of the separation between the parties is a question of fact.
It is well settled that the trial judge’s findings of fact are entitled to *674 great weight and will not be reversed except upon a showing of manifest error, especially when they are based upon evaluating the credibility of opposing witnesses. Readco Industries, Inc. v. Myrmax Specialties, Inc., La.App., 236 So.2d 573 (1970); Gay v. Travelers Ins. Co., La.App., 234 So.2d 241 (1970); Profit v. Crescent Construction Co., La.App., 232 So.2d 814, writs refused 256 La. 81, 235 So.2d 101 (1970); Tipton v. Loker, La.App., 230 So.2d 125 (1969).
We must concede that the evidence on the only question before the court is conflicting, but the trial judge who saw and heard the witnesses that testified in the case resolved the issue in favor of the plaintiff. Our careful review of the record reveals no manifest error in the factual conclusions reached by the trial judge and it must therefore necessarily follow that his findings should not be disturbed.
For the foregoing reasons the judgment appealed from is affirmed at the cost of the appellant.
Affirmed.