BOURG, Judge Pro Tem.
The plaintiff, Warren M. Quillen, was involved in an automobile accident when his car was struck from the rear by the defendants’ taxicab. Plaintiff instituted this suit, naming as defendants the taxi’s insurance carrier, Manchester Insurance & Indemnity Company, Morrison’s Cab Service, the owner of the cab, Daniel Reiss, and the driver of the cab, Freddie N. Baker, Jr.
After a trial on the merits, judgment was rendered in favor of the defendants dismissing the plaintiff’s suit. Plaintiff appeals.
On a finding that the judgment is correct, we affirm.
Plaintiff worked for a company supplying janitorial services to buildings in the New Orleans area. At approximately 8 p. m. on the night of the accident plaintiff had just completed his work at the public library located on Napoleon Avenue near Magazine Street. His supervisor had instructed him to get his car and wait while the supervisor emptied the evenings wastepaper in the trash. The trash receptacle was near the curb on Napoleon Avenue, alongside the library. The plaintiff was to wait for the supervisor to complete this task and then follow him to their next job.
Plaintiff’s car was parked in the library parking lot on Napoleon Avenue less than a block from the intersection of Napoleon Avenue and Magazine Street. He testified that he backed his car out of the driveway of the lot into Napoleon Avenue, pulled forward to straighten the automobile and then backed the car parallel with the curb to the area on Napoleon Avenue where his supervisor was emptying the wastepaper. Plaintiff alleges that he had completed this operation and had been stopped with his lights on and listening to the car radio for several minutes when the collision occurred. Upon impact, the plaintiff’s car was propelled forward into the driveway of the parking lot from which he had come. The car came to rest in the area of the driveway that crosses the sidewalk.
The defendant driver of the taxi testified that he was proceeding down Napoleon Avenue toward the lake in the far right driving lane when the plaintiff backed into the street in front of him. He alleges that the plaintiff had no lights on and that only because of the movement of the car did he notice it as it was crossing the part of the driveway that traverses the sidewalk.
The question on appeal is one of fact. At the time of the accident was the plaintiff’s car parked near the curb or was he backing onto Napoleon Avenue?
Plaintiff’s supervisor testified that plaintiff had backed to the area where he was emptying the wastepaper and had parked the car with the taillights on. He estimated the plaintiff’s, car had been parked for approximately 45 seconds before the accident took place.
The police report and testimony of the investigating officer is of little value in resolving the conflicts between the witnesses’ testimony. The report states that plaintiff told the officer that he backed to the curb from the parking lot and stopped; the light was red at Magazine and nothing was coming ; he backed out, and a few seconds later he was hit. The policeman testified that he understood the statement given by the plaintiff to mean that both cars were in motion when the collision occurred. He testified, however, that the plaintiff could have meant by that statement that he had already parked the car before the accident occurred. The report describes the damage to the cab as being on the right front. The damage to the plaintiff’s car was on the left rear and the left side was pushed out.
It is well settled that the trial judge’s findings of fact are entitled to great weight and will not be reversed except upon a showing of manifest error, especially when they are based upon evaluating the credibility of opposing witnesses. Readco Industries, Inc. v. Myrmax Specialties, Inc., La.App., 236 So.2d 573 (1970); Gay v. Travelers Ins. Co., La.App., 234 So.2d 241 (1970); Profit v. Crescent Construction *530 Co., 232 So.2d 814, writs refused 256 La. 81, 235 So.2d 101 (1970); Tipton v. Loker, La.App., 230 So.2d 125 (1965);. Sunseri v. Sunseri, La.App., 256 So.2d 673 (1972).
There is evidence in the record to substantiate the holding of the trial court. The trial judge saw and heard the witnesses that testified. It was the opinion of the court that the evidence and testimony indicated that the plaintiff was backing out of the driveway and was hit when he turned out to park. He felt that the plaintiff’s vehicle would not have come to rest back in the driveway after the impact if the plaintiff had already completed parking parallel with the curb. After a careful review of the record, we find no manifest error in the factual conclusions reached by the trial judge and therefore his findings should not be disturbed.
For the foregoing reasons the judgment appealed from is affirmed at the cost of the appellant.
Affirmed.