SARTAIN, Judge.
Richard D. Felton, Sr. appeals from a judgment of the district court granting his wife, Donnie Jackson Felton, a separation from bed and board on her reconventional demand. Appellant also asserts that the amount awarded his wife as alimony pen-dente lite for herself and for the support of the three minor children is excessive and should be reduced.
The record reveals that initially appellant filed suit alleging, inter alia, that on or about June 20, 1975, his wife told him.she no longer loved him and that he should find another place to live. Based on this conduct of his wife, he left the matrimonial domicile. He contended that her actions entitled him to a separation on the grounds of abandonment (constructive) or cruel treatment.
Mrs. Felton answered denying that she gave her husband any cause to leave the matrimonial home and by reconventional demand averred that she was entitled to a separation in her favor on the grounds of abandonment and/or cruel treatment based on her husband’s excessive drinking.
When the matter was heard on the merits, appellant abandoned his claim on the main demand and the cause proceeded to trial on Mrs. Felton’s reconventional demand.
Appellant did leave the matrimonial home on June 20, 1975. However, the reasons assigned by each are different.
Mrs. Felton testified that her husband was staying out late at night, drinking excessively, and seeing another woman. She acknowledged that about a month after his departure he called and stated that he wanted to return home. Late that same evening he returned to discuss the matter with her. She said he told her that the other woman had informed him that she was pregnant and that he was certain that he was not “the father.” She claims that this discussion became rather emotional on their parts and that it was decided that Mr. Felton would return home. He did so but resided in one of the children’s bedrooms. Approximately three days later another argument ensued and he left, never to return. As to this latter occasion, Mrs. Felton first stated that she again asked him to leave. However, during the course of the trial she changed her version and testified that on this incident he had physically abused her. Whereupon, their oldest daughter sought to protect her with the family shotgun. She admitted that her first explanation was erroneous and was given only to avoid bring *1137 ing their daughter into this dispute in the court.
Mr. Felton denied any association with another woman, any excessive drinking, or that he gave his wife any reason to order him to leave the home. He claims that she constantly provoked him and it was only after considerable provocation that he left the home.
The other witnesses to appear limited their testimony to the alleged act of abandonment on June 20, 1975. The record contains considerable evidence which is not related to the June 20, 1975 incident. However, this evidence on the part of both parties was admitted without objection. Under these circumstances the pleadings must be considered as enlarged.
The trial judge in his written reasons for judgment concluded that Mrs. Fel-ton had successfully borne the burden of proving that she had not given her husband sufficient cause to leave the home and was therefore entitled to a judgment of separation. His written reasons for judgment are not very specific as to the abandonment aspect of the ease. The judge a quo refers to a “dispute of long standing” whereupon the Feltons “came to a parting of the ways.” A fair and reasonable construction of these written reasons is that the trial judge concluded that Mrs. Felton was justified in asking her husband to leave on June 20, 1975. Neither party contends that any reconciliation resulted from Mr. Felton’s return to the home a month later. Under these circumstances we do not find manifest error on the part of the trial judge.
Appellant’s principal argument on appeal regarding the merits of his wife’s claim is that it was her word against his and particularly that no other witnesses were called by her in corroboration of her allegations as to the averments of cruel treatment on his part. The granting or refusal to grant a judgment of separation or divorce in domestic litigation quite often involves weighted considerations as to the credibility of witnesses. Many times obvious and hopeless conflicts in the litigants’ respective testimony can only be resolved by assigning greater weight to one litigant’s testimony and conversely giving little or no weight to the other’s. It is impossible to measure the degree to which any person’s testimony should be accepted or rejected. The court must take such evidence as the nature of the case permits, circumstantial, direct or positive, and bring to bear reasonable human experience and observations of life. A resolution of the evidentiary problem thus presented is a question of fact. On this issue the trial judge’s determination, based on his evaluation of the testimony, is entitled to great weight. We are not in a position to say that he committed manifest error in accepting the wife’s testimony over that of her husband. See, Sunseri v. Sunseri, 256 So.2d 673 (La.App.4th Cir. 1972) and the authorities therein cited.
On the question of alimony pendente lite for the wife and maintenance and support for the minor children, the trial judge ordered Mr. Felton to continue to pay certain fixed community obligations and, in addition, to pay to his wife a sum equal to one of his two monthly cheeks, generally in the net amount of $292.00. On the community obligations, appellant was paying $451.77 per month.
It is difficult for us to review this issue because appellant stated that he was willing to continue to make these payments as long as he was able to do so and so long as the bank would continue to loan him a sum sufficient to meet his obligations. In addition, he was not very definite as to his own living expenses or on his arrangement with the bank.
We question the wisdom of exacting the payment of all community obligations by a judgment relating to the wife’s and children’s support payments. However, alimony and support for a wife and children are always subject to review pending a change of circumstances and should the demands of the judgment herein, particularly as to community obligations, prove to be too burdensome or impossible to meet, plaintiff can apply to the trial judge for a modification of the judgment.
*1138 Accordingly, for the above reasons, the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.