276 So.2d 770 (1973)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff,
v.
Velma Richard MOITY, Defendant-Appellant, and
Sterling Sugars, Inc., Defendant-Appellee.
No. 4160.
Court of Appeal of Louisiana, Third Circuit.
April 25, 1973.
*771 Sandoz, Sandoz & Schiff by Lawrence B. Sandoz, Jr., Opelousas, for defendant-appellant.
Bauer, Darnall, McNulty & Boudreaux by Michael J. McNulty, Jr., Franklin, Gordie R. White, New Iberia, for defendant-appellee.
Jesse S. Moore, Jr., Baton Rouge, for plaintiff-appellee.
Before FRUGE, HOOD, and CULPEPPER, JJ.
FRUGE, Judge.
This case involves title to a 1.60-acre tract of land in Iberia Parish which was expropriated by the plaintiff on April 29, 1965, pursuant to R.S. 48:441 et seq. Both Velma Richard Moity and Sterling Sugars, Inc. claimed ownership to the tract. Sterling Sugars has record title to the tract, but Mrs. Moity claims ownership on the basis of 30-year acquisitive prescription by herself and her ancestor in title, Felix Duboin.
The trial in the District Court was limited solely to the question of ownership of the tract. The question of just compensation was assigned by the court for a later *772 hearing. The trial court awarded judgment in favor of Sterling Sugars, Inc. We affirm.
A lessee, being a precarious possessor, may not acquire his lessor's property by acquisitive prescription. LSA-C.C. Articles 3441, 3446, 3488, 3489, 3510, 3511, 3514; Aubry & Rau, Property, § 217, 2 Civil Law Translations, page 355; Gladney v. Zappa, 41 So.2d 710 (La.App.2nd Cir., 1949). Because of stipulations by the parties, the question of ownership has been reduced to whether the signatures of Mr. Duboin on two documents are genuine or forged. In one of the documents, Sterling Exhibit No. 2, Sterling Sugars leased to Duboin Brothers the property in question for $1.00 per year. This document is dated August 6, 1925, and signed for Duboin Brothers by F. Duboin. In the other document, Sterling Exhibit No. 1, "[f]or the sum of $1.00 per year, Sterling Sugars, Inc., agree[d] to allow Mr. Felix Duboin, garden and/or pasturage privileges". This document is dated June 10, 1952, and is signed by L. J. Boutte for Sterling Sugars and by F. B. Duboin.
The parties made the following stipulations: (1) the testimony of the witnesses of Velma R. Moity, if called, would establish "possession" of the 1.60-acre tract in question by Felix Duboin and his successors for a period in excess of 30 years prior to the institution of the expropriation action; (2) this tract is included within a visible boundary; (3) record title to the 1.60-acre tract in question vests in Sterling Sugars, Inc.; (4) L. J. Boutte would testify that Felix Duboin signed the document in his presence identified as S-1 dated June 10, 1952, and that Boutte himself signed the document as Sterling Sugars' representative; (5) A. L. Richard would testify that F. Duboin signed the document identified as S-2 dated August 6, 1925, in his presence; (6) Boutte and Richard would testify that the F. Duboin who executed the 1925 document, the F. B. Douboin who executed the 1952 document, and Felix Duboin, ancestor in title of Velma Moity, are one and the same person; (7) if the signatures on S-1 and S-2 are the genuine signatures of Felix B. Duboin and the property described in S-1 includes the area in controversy, then judgment should be rendered in favor of Sterling Sugars; (8) if the signature on S-1 is not valid or the properties described in S-1 does not include the area in controversy, then judgment should be rendered in favor of Velma R. Moity. At a subsequent hearing, it was further stipulated that the description contained in the Exhibit S-1 did in fact include the property in dispute in this case.
Thus, the question presented by this appeal is whether the trial court committed manifest error in finding that the signature on S-1 was genuine. The three experts who testified agreed that the signature on the 1925 lease (S-2) was genuine.
The trial court found that their testimony regarding the signature on the 1952 document (S-1) was in "hopeless conflict". Mr. Gilbert J. Fortier, Jr. appeared on behalf of Sterling Sugars, Inc. and testified that the signature on Exhibit S-1 was genuine. Mr. Ludlow B. Baynard and Mr. Cy Courtney testified on behalf of Mrs. Moity. They were equally certain that the purported signature of Mr. Duboin on S-1 was a forgery. Each of the experts used the same method in their investigation, but they reached opposite findings and conclusions. The court stated in its reasons for judgment that each of the experts was honest and the opinion of each appeared to be well-grounded. However, in his questioning of Mr. Baynard, the trial judge dwelt on the following facts which no doubt influenced his decision: (1) Mr. Duboin's signature had varied greatly between 1925 and 1952; (2) the 1925 signature had many variances with the other signatures which were accepted, and Mr. Courtney accepted the 1925 signature *773 as valid; (3) Mr. Duboin's age might make some difference in some of the signatures; (4) the known signature of Duboin in a will written in 1952 was very similar to the signature in Exhibit S-1; (5) the signature primarily relied on by Mr. Courtney was approximately 20 years before the purported signature which the case turns on. In his reasons for judgment, the trial judge relied on the stipulated testimony of Mr. Boutte and concluded that the signature was genuine. He stated that this testimony was corroborated by the fact that the 1925 lease between Sterling Sugars and Duboin Brothers was pronounced valid and genuine by all the parties. A trial judge's findings of fact are entitled to great weight and will not be reversed unless it is shown that the finding is manifestly erroneous. Sunseri v. Sunseri, 256 So.2d 673 (La.App.4th Cir., 1972). Manifest error is that which is evident, apparent, clear, visible, unmistakable, and undisputable. Norman v. State, 69 So.2d 120 (La.App.2nd Cir., 1953). Testimony of an eye witness as to the facts must prevail over the disputed testimony of experts which is based on comparison and is only an opinion. Hopkins v. Louisiana Ry. and Navigation Company, 152 La. 13, 92 So. 717 (1922); Tolle v. Higgins Industries, 212 La. 173, 31 So.2d 730 (1947). The testimony of experts must yield to that of one who has actually seen the signature affixed to the document. Arnett v. Marshall, 210 La. 932, 28 So.2d 665 (1946). In the present case, the experts are in dispute. Their testimony reveals that their conclusions are based only on opinion and comparison. The trial court correctly relied upon the stipulated fact that Boutte had seen Duboin sign the document. In view of the evidence of this case, we cannot say that there is manifest error in his decision.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant.
Affirmed.