FORET, Judge.
This case involves a will contest. John B. Talley died February 9, 1976, and his will was probated on February 10, 1976. Decedent was never married, and was survived by his mother, three brothers, sisters, nieces and nephews. Dennis Talley, a brother of decedent, apparently feeling aggrieved that his deceased brother had left nothing to him under the terms of the will, filed proceedings seeking to have the will of John B. Talley declared null and void, on basically four grounds:
1. The will attempts to dispose of the legitime, in that decedent’s mother was not named in the will, and the will attempts to dispose of all of the property belonging to decedent;
2. It fails to comply with the formal requisites for a statutory will;
3. The testator was legally and physically incapacitated at the time he signed the testament; and
4. The will was not signed by decedent.
The case was alternately fixed for trial on December 6, 1976, December 10, 1976, February 17, 1977 (later rescinded by order), December 17, 1976, and January 20, 1977. For the hearing on December 17, 1976, neither plaintiff nor his attorney showed up in court, and the court allowed the defendant to present its evidence, and after hearing the evidence, the court dismissed plaintiff’s attack of decedent’s will.
On January 20,1977, after counsel for the succession agreed and consented to granting a new trial, and after introduction of testimony, the court again denied the opposition to the will of decedent and ordered all proceedings dismissed at plaintiff’s costs. A devolutive appeal was then filed in this Court.
On appeal, plaintiff changed his specifications of error somewhat, and we shall therefore discuss each of his specifications of error on appeal.
SPECIFICATION OF ERROR NO. 1
Appellant contends that the trial court erred in ignoring the testimony of the “expert witness who testified that the handwriting on the will and of samples submitted to him which were samples of the decedent’s handwriting were not the same, and accepting instead lay testimony”.
There is no testimony of the “expert witness”. The stipulation of counsel for appellant and counsel for appellees, in open court during the trial on January 20, 1977, was that one Cy Courtney, a handwriting expert, if called to testify by plaintiff, would testify that he examined some signatures of John B. Talley made prior to February 15, 1975, and his signature on his last will and testament dated January 20, 1976, and based on these examinations, he would conclude that the signature on the will was not similar, and that he had not examined decedent’s signature in the St. Martin Bank and *1278 Trust Company bank box on January 20, 1976, which had been signed by decedent; had not examined documents signed by decedent filed in the proceedings; and that he did not know that decedent had trouble with his handwriting beginning in November of 1975. In November of 1975, decedent John B. Talley sustained a stroke which partially paralyzed his right hand and affected his writing and his signing his name. Inasmuch as the expert witness had not seen decedent’s signature since he suffered a disabling stroke, the trial court could properly conclude that the handwriting expert’s testimony could only be of minimal probative value.
We point out, further, that the notary and the two witnesses who were present at the time of the signing of the will all testified that they were present at the time of, and witnessed, the signing of this will by the decedent. One of these witnesses was cross-examined by counsel for appellant in his presence, and the other two witnesses were available for cross-examination. Testimony of an eyewitness as to the facts prevails over the disputed testimony of experts which is based on comparison and is only an opinion. Testimony of experts must yield to that of one who has actually seen the signature affixed to the document. State, Dept. of Hwys. v. Moity, 276 So.2d 770 (La.App. 3 Cir. 1973). We are of the opinion, therefore, that this specification of error by appellant is without merit.
SPECIFICATION OF ERROR NO. 2
Appellant next contends that the trial court erred in proceeding with the hearing on December 17,1976, when neither plaintiff nor his attorney were present in court. The record shows that notice was sent to counsel for appellant by the Clerk of Court notifying him of the trial date. Be that as it may, however, counsel for appel-lee, on January 17, 1977, while appellant and his counsel were present in court, consented to a new trial of the case which began on that day, and continued to January 20, 1977, to allow appellant to get his witnesses to come and testify in his behalf. In open court it was announced that appellant had only three witnesses to testify: (1) himself, (2) a doctor from Lafayette, and (3) Cy Courtney, a handwriting expert. Appellant did testify himself, and had the opportunity to bring his other witnesses to testify. Appellant was granted the opportunity to present the handwriting expert and his doctor witness, and such additional evidence and/or rebuttal evidence desired. The testimony of the expert witness was stipulated to, as hereinabove mentioned, and no doctor was ever brought to testify on behalf of appellant. We find no merit in appellant’s specification of error in this contention.
SPECIFICATION OF ERROR NO. 3
Appellant assigns as another specification of error of the lower court, its acceptance of the testimony of Willis Talley regarding a sale and contract entered into by the decedent in January, 1976, alleging that the testimony of Willis Talley in court and in the interrogatories was different. We find no merit in this specification of error. There is no evidence whatsoever in the record that decedent was mentally or physically incapable of making a last will and testament on the date that he did, or at any other time until his death. Therefore the testimony of Willis Talley regarding a sale and contract entered into by the decedent in January, 1976, would be superfluous.
SPECIFICATION OF ERROR NO. 4
As his last assignment of error, appellant urges that the trial court gave too much weight to testimony taken at the hearing of December 17,1976, at which plaintiff-appellant was absent and also unrepresented by counsel. We note that at the hearing on January 20, 1977, appellant had the opportunity to call any witness he desired and to cross-examine any witness who had previously testified, and also to cross-examine all witnesses who testified for appellees on that date. We therefore find no merit in appellant’s last specification or error.
Appellant, representing himself at oral argument, made a valiant plea for a re *1279 mand of the matter to the district court for further proceedings, so that he could “have his day in court”. We have examined the will and find that it is a statutory will which meets the requirements of LSA-R.S. 9:2442, and having thus concluded, and having disposed of the other specifications of error urged by appellant, we find that there is nothing to be gained by a remand for further proceedings.
Accordingly, we affirm the judgment of the trial court.
All costs of this appeal are assessed against plaintiff-appellant, Dennis Talley.
AFFIRMED.