FORET, Judge.
Appellant, Dennis Talley, appeals from a judgment rendered by the district court denying several motions made by appellant without a hearing.
MOTION TO DISMISS
Appellee, Estate of John Talley, moved to dismiss the appeal on the grounds that appellant failed to pay the costs of preparing the record and the filing fee required by the appellate court three days prior to the return day.
The district judge signed the order of appeal on May 31, 1979, and made the appeal returnable on July 30,1979. Appellant paid the costs for filing the record and the filing fee on July 30, 1979.
C.C.P. Article 2126 provides, in pertinent part:
“The clerk of the trial court, immediately after the order of appeal has been granted, shall estimate the cost of the preparation of the record on appeal, including the fee of the court' reporter .for preparing the transcript and the filing fee required by the appellate court. The clerk shall send a notice by certified mail of the estimated costs to the appellant.
‡ * * * * ‡
“If the appellant pays the costs required by this Article, the appeal may not be dismissed because of the passage of the return day without an extension being obtained or because of an untimely lodging of the record on appeal. Amended by Acts 1976, No. 708, § 2; Acts 1977, No. 198, § 2, eff. Jan. 1, 1978; Acts 1978, No. 449, § 1, eff. Jan. 1, 1979.”
Since appellant paid the costs of preparing the record and the filing fee on the return day, the appeal may not be dismissed. The motion to dismiss is denied.
MERITS
John Talley, appellant’s brother, died February 9,1976, leaving a will. Appellant, aggrieved that his brother had left nothing to him under the terms of the will, filed proceedings seeking to have the will declared null and void. Following a trial, judgment was rendered denying opposition to the will; On appeal, this Court, finding the will to be valid, affirmed the trial court’s ruling. Talley v. Talley, 350 So.2d 1276 (La.App. 3 Cir. 1977).
On April 16, 1979, appellant filed a motion for a new trial based on newly discovered evidence. Appellant also filed the four following motions:
(1) A rule to show cause why the application of the administrator of the estate of John Talley to sell movable and ' immovable property should not be denied;
(2) A rule to show cause why Willis Talley should not be removed as executor of the estate of John Talley;
(3) A rule requesting the court to maintain the will of John Talley in a safe place; and
(4) A rule requesting the court to order the executor of the estate of John Talley to file an annual account.
The trial court denied each motion without granting a hearing. Appellant assigns as error the court’s ruling denying the motions ex parte.
*1067 Counsel for defendant-appellee, the Estate of John B. Talley, filed in this Court a pleading styled “Exception of No Right and No Cause of Action”. We have noted repeatedly the difference between an exception of “No Cause of Action” and an exception of “No Right of Action”. Properly speaking, there is no such exception as an exception of “No Right or Cause of Action”. Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1 Cir. 1977). Likewise, there is no such exception as an “Exception of No Right and No Cause of Action”. Obviously, what counsel for defendant-appellee intended to do was assert an exception of no right of action and an exception of no cause of action. The pleading, however, alleges as grounds only objections related to the exception of no right of action. For this reason, we are of the opinion that the exception of no cause of action was pleaded out of an abundance of caution.
The exceptions of “No Right of Action” and of “No Cause of Action” have different purposes and are subject to entirely different rules and the bar and trial courts are encouraged to recognize which exception is pleaded and to apply the proper rule.
This Court has previously held that the will of John Talley is valid. Talley v. Talley, supra. Since appellant is neither a forced heir nor a legatee under the will, he had no right of action to file the motions concerning the administration of the estate of John Talley. For this reason, the exception of no right of action is sustained.
In view of our sustaining the exception of no right of action filed by defendant-appel-lee, we see no necessity to discuss any other assignments of error urged by plaintiff-appellant.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against plaintiff-appellant, Dennis Talley.

AFFIRMED.