SAVOIE, Judge.
Plaintiff appeals the dismissal of his peti-tory action against defendant. The trial court concluded that plaintiff failed to prove ownership. We agree and affirm.
The subject property is a lot, 48 feet by 85 feet, located in a rural area of Assumption Parish upon which the defendant’s home is situated. Defendant allegedly pur *536 chased this property in 1954 from his father-in-law, John Robinson. Subsequently, the defendant purchased materials which were used for the construction of his home on the subject property. John Robinson died on October 15, 1969. Sometime after John Robinson’s death, plaintiff filed suit to be recognized as owner of the property.
In a petitory action, the plaintiff bears the burden of establishing his title. L.S.A.C.C. art. 531. If the defendant is in possession of the property, the plaintiff discharges his burden by proving that he acquired ownership from a previous owner or by acquisitive prescription. L.S.A.-C.C. art. 531; L.S.A.-C.C.P. art. 3653(1). When titles are traced to a common author, the common author is presumed to be the previous owner. L.S.A.-C.C. art. 532; L.S.A.-C. C.P. 3653.[1]
Defendant is in possession of the property. He claims ownership from John Robinson by an act of sale dated February 6, 1954. Plaintiff contends that John Robinson owned the property at the time of his death and asserts ownership as a forced heir of John Robinson.
Plaintiff introduced a 1954 act of sale by John Robinson, conveying said property to Willie Phillips. This act of sale is in authentic form. However, plaintiff contends that the signature of John Robinson contained thereon is a forgery. To substantiate his contention, plaintiff presented the testimony of a handwriting expert.
In proof of handwriting, all testimony rests upon the principle of comparison, except where the witness has seen the handwriting actually performed. As such, it is merely opinion evidence and must yield when pitted against positive testimony as to the actual writing. Arnett v. Marshall, 210 La. 932, 28 So.2d 665 (1946); see also State, Department of Highways v. Moity, 276 So.2d 770 (La.App. 3rd Cir.1973).
Nicholas Molligan, plaintiffs handwriting expert, compared the questioned signature with purported signatures of John Robinson on a 1937 act of sale and on several letters. Molligan opined that the signatures on the latter documents were not the same signature that appeared on the 1954 act of sale.
Contrary thereto, Clifton Dolese, notary public for both acts of sale filed in evidence, testified that the 1954 act was signed by John Robinson. Mr. Dolese stated that he knew all the parties in both transactions by sight. Further, Dolese’s testimony, taken as a whole, indicates that he had an independent recollection of John Robinson signing the 1954 sale. In addition, Phillips stated that Robinson signed the document.
This testimony establishes the genuineness of John Robinson’s signature on the 1954 act of sale. Accordingly, John Robinson did not own the subject property at the time of his death. Therefore, plaintiff has no claim as a forced heir of John Robinson on that property and cannot establish ownership thereby.
The judgment of the trial court is affirmed. Costs are to be borne by plaintiff.
AFFIRMED.

. Weaver v. Hailey, 416 So.2d 311, at page 317 (La.App. 3rd Cir.1982) states in pertinent part, as follows:
⅝ sfs sfc * sfc s}s
“From this explanation, it is clear that when the legislature adopted in 1979 Civil Code article 531, requiring that the plaintiff in a petitory action against a defendant in possession must prove that he has acquired ‘ownership from a previous owner,’ it intended to retain the rule in Pure Oil Company v. Skinner, not overrule it. The intent was to require that such a plaintiff prove he had acquired ‘ownership from a previous owner,', i.e., an owner who had a perfect record title back to the sovereign, or ownership by acquisitive prescription. Article 532 solved the common author problem, by stating that ‘when the titles of the parties are traced to a common author, he is presumed to be the previous owner.” (Emphasis added).